UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEAVANT BUSINESS SOLUTIONS CORP., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-2786-SAC-TJJ |
| GOLD BASTION BANK, et al., | ) ) ) | |
| Defendants. | ) | |

## NOTICE AND ORDER TO PLAINTIFF TO SHOW CAUSE

**To Plaintiff Levant Business Solutions Corp.:**

On December 31, 2019, Plaintiff Levant Business Solutions Corp. filed a Complaint naming as Defendants Gold Bastion Bank, Gold Bastion Bancorp and Capital Trust, Mintswitch Collaborative Incorporated, and Mintswitch, LLC.[1] The Complaint fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as 28 U.S.C. § 1332 requires. In paragraph 9 of the Complaint, Plaintiff alleges Defendant Mintswitch, LLC "is a limited liability company formed under the laws of the State of Kansas, having its principal place of business at 11184 Antioch, Suite 516, Overland Park, KS."[2] The Complaint also alleges Plaintiff is "a corporation incorporated and existing under the laws of South Carolina and maintains its principal place of business at 27 Turner Street, Yonkers, NY 10704."[3]

---

[1] ECF No. 1.

[2] *Id.* ¶9.

[3] *Id.* ¶4.

For diversity jurisdiction purposes, a person is a citizen of the state where she resides.[4] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[5] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[6] Here, the Complaint identifies Defendant Mintswitch, LLC's organizational structure as a limited liability company. But Plaintiff does not allege the citizenship of any of the members of Mintswitch, LLC. The allegations thus fail to establish Defendant Mintswitch, LLC's citizenship for diversity jurisdiction purposes.

Plaintiff bears the burden to establish that federal court jurisdiction is proper.[7] In addition, the Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[8] and, "without jurisdiction, must dismiss the case."[9] The Court cannot determine the citizenship of Defendant Mintswitch, LLC from the information Plaintiff has provided in the Complaint. Consequently, the Court cannot conclude that Plaintiff and all Defendants are diverse for purposes of subject matter jurisdiction. The Court thus directs Plaintiff to show cause in

---

[4] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[5] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[6] See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

[7] *Wanjiku v. Johnson County, Kansas,* 173 F. Supp.3d 1217, 1223 (D. Kan. 2016).

[8] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[9] *Wanjiku,* 173 F. Supp.3d at 1223.

writing **on or before January 16, 2020** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that **on or before January 16, 2020,** Plaintiff Levant Business Solutions Corp. is required to show good cause in writing to U.S. District Judge Sam A. Crow why the court should not dismiss this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 2nd day of January, 2020.

Teresa J. James
U. S. Magistrate Judge